UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**CATHERINE ALBRIGHT**,  :

                    Plaintiff,  :

                                               :  **MEMORANDUM**
        – against –                           **DECISION AND ORDER**
                                                 :

**TARGET CORPORATION**,  :  21-CV-4811 (AMD) (RML)

                                                 :

                    Defendant.  :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       On June 16, 2021, the plaintiff filed a complaint in New York Supreme Court, alleging that on December 14, 2020, she slipped and fell on "a liquid" near the exit of a Target store. (ECF No. 1-2.) The defendant removed the action to federal court on August 26, 2017 (ECF No. 1) and moved for a pre-motion conference in anticipation of summary judgment in a November 22, 2022 letter, which included a Rule 56.1 statement and counterstatement, as required by the Court's individual rules. (ECF No. 15.) In her opposition letter, the plaintiff did not object to the defendant's request for a pre-motion conference. (ECF No. 16.) At the May 10, 2023 pre-motion conference the parties agreed to convert their letters briefing into summary judgment motion papers. In addition, the plaintiff's attorney conceded that summary judgment was appropriate. Accordingly, I granted the defendant's motion orally. This opinion memorializes that decision. The following facts are deemed admitted[1]:

       The plaintiff was a weekly customer at the Target located at 519 Gateway Drive. (Def. Rule 56.1 Statement ¶15.) On December 14, 2020, the plaintiff finished shopping and used the

---

[1] The plaintiff did not dispute any facts in the defendant's Rule 56.1 statement concerning the circumstances of her fall.

self-checkout with the assistance of an employee. (*Id*. ¶¶18-19.) As the plaintiff walked to the exit, she lost her balance and fell. (*Id*. ¶¶22-23.) Elliott Kirshner, who was shopping with the plaintiff, saw her fall after her foot hit the tip of a floor mat, which was flush with the floor; he observed "there was nothing wrong with the mat before the accident."[2] (*Id*. ¶¶29-30.)

The plaintiff alleged that she thought she slipped on liquid but admitted that she never saw any liquid. (*Id*. ¶24-5.) Kirshner did not know whether the plaintiff slipped on water. (*Id*. ¶31.) The plaintiff left the store without completing an incident report. She told a doctor, whom she saw shortly after the fall, that she fell on her left shoulder while she was walking out of a department store. (*Id*. ¶¶33, 38.) She also went to the hospital. (*Id*. ¶39.)

Summary judgment is appropriate only if the parties' submissions, including deposition transcripts, affidavits or other documentation show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the burden of showing the absence of any genuine dispute as to a material fact. *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997) (citation omitted). "In order to show breach of a duty of care in a slip-and-fall case," *id.*, the plaintiff must demonstrate a genuine issue of material fact "that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition," *Hatley v. Waldbaum, Inc.*, 69 A.D.3d 902, 903 (2d Dep't 2010) (citations omitted). "Actual notice requires the plaintiff to prove that the defendants were, in fact, aware of the dangerous condition. Defendants have actual notice of a defect if they created the condition or received reports of it such that they have actual knowledge of the defect's existence." *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y.

---

[2] At the sore entrances and exits, there were two sets of automatic doors separated by a carpeted foyer. (Rule 56.1 ¶¶3-5.)

1998). "A defendant has constructive notice if the condition is 'visible and apparent' and 'exist[s] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Id.* (quoting *Gordon v. Am. Museum of Nat. Hist.*, 492 N.E.2d 774, 775 (1986)).

Because the plaintiff agrees that there is no basis to hold the defendant liable for negligence under a theory of either actual or constructive notice of a hazardous wet condition, the defendant's motion for summary judgment is granted.

**SO ORDERED**.

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       June 13, 2023